

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
DEC - 8 2004
DROP BOX
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| JOSEPHINE TONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:03-CV-1234-Y |
| | § | |
| DIRECT TRADING CORP., DIRECT | § | |
| TRADING, GP, INC., DIRECT | § | |
| TRADING INSTITUTIONAL, INC., | § | |
| DIRECT TRADING MANAGEMENT, | § | |
| L.P., MARK GULIS AND | § | |
| ALLAN PETERSON, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Direct Trading, Corp., Direct Trading GP, Inc., Direct Trading Institutional, Inc.,
Direct Trading Management, L.P., and Mark Gulis (collectively "Defendants") file this
Motion to Strike Plaintiff's Expert Witness and Brief in Support, and would show the Court
as follows:

I.

## BACKGROUND

1.     Plaintiff Josephine Tong ("Plaintiff" or "Tong") was employed as an independent

contractor for Direct Trading Corporation ("DTC") from approximately March 2000 until

her resignation on July 12, 2001.  Plaintiff alleges that Defendants schemed to deprive her of bonus compensation, wrongfully withheld her sales bonus income and commissions, misrepresented that she needed a Series 63 license, refused to reimburse her for business expenses, discriminated against her on the basis of race and gender, and retaliated against her for complaining of discrimination.  Defendants deny each of these allegations.

2.      On August 24, 2004, Defendants noticed the depositions of Plaintiff and Plaintiff's only expert witness, Frank Birgfeld ("Birgfeld").  The depositions were to be held at the law offices of Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P. on October 6 and 7, 2004, respectively.  *See Notice of Deposition of Josephine Tong, attached as Exhibit A; Notice of Deposition of Frank J. Birgfeld, attached as Exhibit B.*  Although Plaintiff did not file a motion to quash or a motion for a protective order, neither Tong nor Birgfeld appeared for deposition.  In fact, Plaintiff's counsel did not even notify Defendants' counsel that the witnesses would not appear until approximately 5:00 pm on October 5, 2004, and then only because Defendants' counsel inquired.  Plaintiff's counsel, Jeffrey T. Mitchell, gave no reason for not producing the witnesses, other than to say that he was "between trials."  Because Tong and Birgfeld were not produced for deposition, on October 8, 2004, Defendants filed a Motion to Compel.

3.      On November 16, 2004, the Court order that Tong and Birgfeld be produced for deposition at the United States District Courthouse in Fort Worth on November 30, 2004 and December 1, 2004, respectively.  Plaintiff and her expert again failed to appear for deposition on those dates.

4.     At the November 30, 2004 hearing on Defendant's Motion to Compel, Plaintiff offered no legitimate excuse for Tong and Birgfeld's failure to appear at their Court-ordered depositions. Plaintiff's counsel argued that the witnesses were not produced because Plaintiff filed a Motion to Compel Arbitration, and Plaintiff did not want to waive her right to arbitration by participating in depositions. However, Plaintiff never filed a motion for a protective order to prevent Tong and Birgfeld from being deposed. Instead, Plaintiff simply ignored the Court's order, and Tong and Birgfeld failed to appear at their Court-ordered depositions.

## II.

### ARGUMENT AND AUTHORITIES

5.     Because Plaintiff and Birgfeld twice failed to appear for their depositions without good cause being shown, the Court should exclude the expert opinions of Birgfeld from being introduced into evidence. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 379-82 (5th Cir. 1996).

6.     Under the Federal Rules of Civil Procedure, if a party fails to appear at a properly-noticed deposition, the Court may make such orders in regard to the failure as are just, including an order refusing to allow the disobedient party to support designated claims, an order prohibiting the party from introducing designated matters into evidence, or an order striking out pleadings or parts thereof. FED. R. CIV. P. 37(d) (not an exhaustive list of available remedies).

7.     Plaintiff and her expert's first depositions were properly noticed. *See Exhibits A and*

DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT AND BRIEF IN SUPPORT          PAGE 3
T:\223\2\2875\59142\Pleadings\Mtn to Strike.wpd

B.   Although Plaintiff did not file a motion to quash or a motion for a protective order, neither Tong nor Birgfeld appeared for this deposition.  Plaintiff and her expert's second depositions were Court ordered.  In direct contravention to this Court order, both Tong and Birgfeld again failed to appear for their depositions.  Because of the witnesses repeated failure to appear for deposition, the Court should refuse to allow Plaintiff to introduce Birgfeld's expert opinions into evidence.  See *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 379-82 (5th Cir. 1996) (upholding District Court's decision to strike expert testimony when experts came ill-prepared for court-ordered depositions).

8.      Additionally, failure  to appear at a deposition may not be excused on the ground that the deposition is objectionable, unless the party failing to act has a pending motion for a protective order.  FED. R. CIV. P. 37(d).   Tong and Birgfeld cannot now use Plaintiff's desire to arbitrate this lawsuit as an excuse for failing to attend their Court-ordered depositions.  Plaintiff has never moved for a protective order to prevent Tong or Birgfeld from being deposed.   Instead, the witnesses merely failed to appear, and Plaintiff subsequently claimed that her desire to arbitrate excused their appearances.   This, however, is not the law.   Tong and Birgfeld's deliberate failure to appear at their depositions is a clear violation of this Court's order.   The Court is vested with broad discretion to preserve the integrity and purpose of the discovery process. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).   The Court should use this discretion to prevent Plaintiff from introducing matters related to the expert opinions of Birgfeld into evidence.

9.      Further, Defendants will be materially prejudiced if Plaintiff is permitted to perpetually delay the depositions of these witnesses.  Each delay in producing and deposing Plaintiff and her expert has resulted in additional expenses for Defendants, and has disrupted Defendants' preparation of the case.  To properly defend themselves in this lawsuit, it is imperative that Defendants be afforded the opportunity to depose witnesses. Plaintiff  should be sanctioned for deliberately hindering the deposition process.

III.

## MOTION TO STRIKE PLAINTIFF'S EXPERT

10.     Defendants request that pursuant to Federal Rule of Civil Procedure 37(b), the Court enter an order prohibiting Plaintiff from introducing matters related to the expert opinions of Frank J. Birgfeld into evidence.

11.     Defendants further request that pursuant to Federal Rules of Civil Procedure 37(b)(2)(E) and 37(d), the Court award to these Defendants reasonable expenses and attorney's fees incurred in preparing and presenting this Motion, in the amount of $750.00, or in amounts to be shown, and that such amounts as may be established be paid within 7 days of the Court's order.

IV.

<u>REQUEST FOR RELIEF</u>

12.     Defendants respectfully request that the Court grant Defendants' Motion to Strike

Plaintiff's Expert as requested herein, and for such further relief to which Defendants may

be entitled.

Respectfully submitted,

MATTHEWS, STEIN, SHIELS, PEARCE,
KNOTT, EDEN & DAVIS, L.L.P.

By:_____
        KENNETH R. STEIN
        STATE BAR NO. 19128300

        CHRISTEN C. PAQUIN
        STATE BAR NO. 24040640

        8131 LBJ Freeway, Suite 700
        Dallas, Texas  75251
        (972) 234-3400 Telephone
        (972) 234-1750 Telecopier

ATTORNEYS FOR DIRECT TRADING
CORP., DIRECT TRADING, GP INC.,
DIRECT TRADING INSTITUTIONAL,
I N C . ,   D I R E C T   T R A D I N G
MANAGEMENT, L.P., and MARK
GULIS

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 7.1 of the Local Rules of the United States District Court of the Northern District of Texas, Defendants' counsel attempted in good faith to confer with Plaintiff's counsel regarding the substance of this Motion.  On December 7, 2004, Defendants' counsel Christen Paquin attempted to contact Plaintiff's counsel Jeffrey Mitchell by telephone.  Ms. Paquin left Mr. Mitchell a voice mail, but he did not return her telephone call.

_____
CHRISTEN C. PAQUIN

## CERTIFICATE OF SERVICE

This is to certify that a true copy of Defendants' Motion to Compel was forwarded to the following counsel of record by facsimile on December 8,  2004:

Mr. John S. Burke
Higgins & Burke, P.C.
7 S. Second Avenue
St. Charles, IL 60174

Mr. Jeffrey Mitchell
Konicek & Dillon, P.C.
21 W. State Street
Geneva, IL 60134

Mr. Andrew G. Platt
910 Mallick Tower
One Summit Ave.
Fort Worth, TX 76102-2618

_____
CHRISTEN C. PAQUIN



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSEPHINE TONG, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. 4:03-CV-1234-Y |
| | § |
| DIRECT TRADING CORP., DIRECT | § |
| TRADING, GP, INC., DIRECT | § |
| TRADING INSTITUTIONAL, INC., | § |
| DIRECT TRADING MANAGEMENT, | § |
| L.P., MARK GULIS AND | § |
| ALLAN PETERSON, | § |
| | § |
| Defendants. | § |

## NOTICE OF DEPOSITION

TO:   Josephine Tong ("Tong"), by and through her counsel of record, Mr. John S. Burke, Higgins & Burke, P.C., 7 S. Second Avenue, St. Charles, IL 60174.

Please take notice that, pursuant to the Federal Rules of Civil Procedure, the oral deposition of Josephine Tong will be taken by Kenneth R. Stein, Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P. attorneys for Direct Trading Corp., Direct Trading, GP, Inc., Direct Trading Institutional, Inc., Direct Trading Management, L.P., and Mark Gulis, Defendants in the above styled and numbered cause, at the offices of Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P., 8131 LBJ Freeway, Suite 700, Dallas, Texas 75251, at 9:00a.m. on October 6, 2004.  Such deposition, when taken, will be used as evidence in the above styled and numbered cause.  The witness shall attend from day to day until the deposition is completed.

Respectfully submitted,

MATTHEWS, STEIN, SHIELS, PEARCE,
KNOTT, EDEN & DAVIS, L.L.P.

By:_____
        KENNETH R. STEIN
        STATE BAR NO. 19128300

        CHRISTEN C. PAQUIN
        STATE BAR NO. 24040640

8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972) 234-3400 Telephone
(972) 234-1750 Telecopier

ATTORNEYS FOR DIRECT TRADING
CORP., DIRECT TRADING, GP, INC.,
DIRECT TRADING INSTITUTIONAL,
INC., DIRECT TRADING
MANAGEMENT, L.P., and MARK
GULIS

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing document has been forwarded to the following counsel of record by facsimile on this the 24th day of August, 2004:

Mr. John S. Burke
Higgins & Burke, P.C.
7 S. Second Avenue
St. Charles, Illinois 60174

Mr. Daniel F. Konicek
Mr. Thomas A. Dillon
Konicek & Dillon, P.C.
21 W. State Street
Geneva, Illinois 60134

_____
Christen C. Paquin



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPHINE TONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:03-CV-1234-Y |
| | § | |
| DIRECT TRADING CORP., DIRECT | § | |
| TRADING, GP, INC., DIRECT | § | |
| TRADING INSTITUTIONAL, INC., | § | |
| DIRECT TRADING MANAGEMENT, | § | |
| L.P., MARK GULIS AND | § | |
| ALLAN PETERSON, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF DEPOSITION

TO:   Josephine Tong, c/o Mr. John S. Burke, Higgins & Burke, P.C., 7 S. Second Avenue, St. Charles, IL 60174.

Please take notice that, pursuant to the Federal Rules of Civil Procedure, the oral deposition of Frank J. Birgfeld will be taken by Kenneth R. Stein, Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P. attorneys for Direct Trading Corp., Direct Trading, GP, Inc., Direct Trading Institutional, Inc., Direct Trading Management, L.P., and Mark Gulis, Defendants in the above styled and numbered cause, at the offices of Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P., 8131 LBJ Freeway, Suite 700, Dallas, Texas 75251, at 9:00a.m. on October 7, 2004.  Such deposition, when taken, will be used as evidence in the above styled and numbered cause.  The witness shall attend from day to day until the deposition is completed.

The deponent is hereby directed, pursuant to the Federal Rules of Civil Procedure, to bring with him and produce at his deposition, for inspection, copying and use at the deposition, any and all documents or other tangible items as described below.  As used herein, the term "document" means, without limitation, any tangible or reproducible material, whether typed, handwritten, printed, recorded or otherwise, or any photographs, photostat, microfilm, or reproduction thereof, including, but not limited to, originals (or copies where originals are unavailable) of all papers, records, studies, analyses, notes, comments, calendars, diaries, telexes, telegrams, facsimiles, photographs, models, diagrams, plans, specifications, charts, blueprints, drawings, minutes of meetings, correspondence, memoranda, reports, ledgers, journals, contracts, agreements, bank statements, statements of account, canceled checks, inventories, partnership agreements, articles of incorporation, corporate minutes, resolutions, stock certificates, stock certificate transfer records, bylaws, and any other corporate record, sales records or receipts, tape recordings, video records, films, or other audio or visual recordings, and any other items similar to any of the foregoing, however denominated.  The documents and other items requested are:

1.     Any and all correspondence regarding the work or services of the witness in connection with the above styled and numbered cause or the transactions, events or occurrences subject of the above styled and numbered cause.

2.     Any and all documents and physical materials provided to or reviewed by the witness in connection with his or her work or services in connection with the above

styled and numbered cause or relating to the transactions, events or occurrences subject of the above styled and numbered cause.

3.    Any and all documents and tangible things including, without limitation, all tangible reports, notes, charts, summaries, diagrams, physical models, compilations of data and other material which the witness prepared, made, created, participated in, or supervised in anticipation of the witness' trial or deposition testimony or in connection with his or her work, services, opinions, conclusions or findings in connection with the above styled and numbered cause or the transactions, events or occurrences subject of the above styled and numbered cause.

4.    Any and all photographs, video-tapes, other audio or video recordings, models, diagrams, charts, graphs, depictions or reproductions of any aspect of the transactions, events or occurrences subject of the above styled and numbered cause.

5.    A copy of the resume or curriculum vitae of the witness.

6.    Copies of all timesheets, bills, invoices, and related documents generated by or at the direction of the witness in connection with his or her work or services in connection with the above styled and numbered cause or relating to the transactions, events or occurrences subject of the above styled and numbered cause.

Respectfully submitted,

MATTHEWS, STEIN, SHIELS, PEARCE, KNOTT, EDEN & DAVIS, L.L.P.

By: _____

KENNETH R. STEIN
STATE BAR NO. 19128300

CHRISTEN C. PAQUIN
STATE BAR NO. 24040640

8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
(972) 234-3400 Telephone
(972) 234-1750 Telecopier

ATTORNEYS FOR DIRECT TRADING CORP., DIRECT TRADING, GP, INC., DIRECT TRADING INSTITUTIONAL, INC., DIRECT TRADING MANAGEMENT, L.P., and MARK GULIS

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing document has been forwarded to the following counsel of record by facsimile on this the 24th day of August, 2004:

Mr. John S. Burke
Higgins & Burke, P.C.
7 S. Second Avenue
St. Charles, Illinois 60174

Mr. Daniel F. Konicek
Mr. Thomas A. Dillon
Konicek & Dillon, P.C.
21 W. State Street
Geneva, Illinois 60134

_____
Christen C. Paquin

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPHINE TONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:03-CV-1234-Y |
| | § | |
| DIRECT TRADING CORP., DIRECT | § | |
| TRADING, GP, INC., DIRECT | § | |
| TRADING INSTITUTIONAL, INC., | § | |
| DIRECT TRADING MANAGEMENT, | § | |
| L.P., MARK GULIS AND | § | |
| ALLAN PETERSON, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS

On this day, the Court considered Defendants Direct Trading, Corp., Direct Trading GP, Inc., Direct Trading Institutional, Inc., Direct Trading Management, L.P., and Mark Gulis' (collectively, "Defendants") Motion to Strike Plaintiff's Expert Witness, and, having considered the merits of the Motion, the Court is of the opinion that it should be granted. It is, therefore,

ORDERED that Plaintiff is prohibited from introducing the expert opinions of Frank J. Birgfeld into evidence.  Plaintiff and Plaintiff's attorneys are also ordered to pay Defendants' expenses and attorney's fees incurred in presenting this Motion in the amount of $_____, to be paid within 7 days from the date of this Order.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL                     PAGE 1
T:\223\2\2875\59142\Pleadings\Ord Strike.wpd

Signed this the _____ day of _____, 2004.


_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPHINE TONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:03-CV-1234-Y |
| | § | |
| DIRECT TRADING CORP., DIRECT | § | |
| TRADING, GP, INC., DIRECT | § | |
| TRADING INSTITUTIONAL, INC., | § | |
| DIRECT TRADING MANAGEMENT, | § | |
| L.P., MARK GULIS AND | § | |
| ALLAN PETERSON, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF KENNETH STEIN

Kenneth Stein hereby states as follows:

1.      My name is Kenneth Stein.  I am over 21 years of age; have never been convicted of

a felony or crime involving theft, dishonesty, breach of a duty of trust or moral

turpitude; am competent and authorized to make this affidavit; and have personal

knowledge and hereby state that the facts contained herein are true and correct.

2.      I am a partner with the law firm of Matthews, Stein, Shiels, Pearce, Knott, Eden &

Davis, L.L.P. ("MSS"), and have been since its inception.

3.      I am one of the attorneys of record for Direct Trading Corp., Direct Trading, GP,

Inc., Direct Trading Institutional, Inc., Direct Trading Management, L.P., and Mark

Gulis, ("Defendants" collectively).  I have been an attorney of record on this case

since August 5, 2004.

4.    I have been primarily responsible for handling this case since its inception. Associates with my firm, and legal assistants with my firm under my direction have also performed legal work on this matter.

5.    MSS, as a part of its usual course of business, keeps regular records of the legal work performed by its attorneys and legal assistants.  In connection with my being a partner of MSS, I have become familiar with these records.  I have personal supervision, custody, control and access to the permanent records of MSS as the records pertain to the legal services rendered herein. I have examined these records, and the entries on said records were regularly made at or near the time of the transaction, act or event recorded.

6.    MSS partners, associates, or legal assistants have performed the following legal services for Defendants related to the depositions on Josephine Tong and Frank Birgfeld:

      (a)    Prepared for the deposition of Josephine Tong scheduled for October 6, 2004;

      (b)    Prepared for the deposition of Frank Birgfeld  scheduled for October 7, 2004;

      (c)    Conducted legal research and drafted Defendants' Motion to Compel;

      (d)    Prepared correspondence to Defendants regarding the depositions;

      (e)    Communicated by telephone with Defendants regarding the

depositions;

(f)     Prepared for and attended the Court-ordered deposition of Josephine Tong scheduled for November 30, 2004;

(g)     Prepared for and attended the hearing on Defendants' Motion to Compel; and

(h)     Prepared evidence to support request for sanctions.

7.     Additional time has been required to compile information and prepare affidavits related to these attorney's fees. Anticipated reasonable attorney's fees for this service equals approximately $600.

8.     All the services performed have been necessary, and all time spent performing the services has been reasonable. There has been no duplication of efforts by multiple attorneys. All work performed by a legal assistant was done under my supervision.

9.     I am familiar with the customary fees charged for services in business litigation matters in the Dallas-Fort Worth area. I am also familiar with awards of attorney's fees in similar matters. The fees charged for these services are based upon the experience, reputation and ability of the attorneys and legal assistants performing the services.

10.     Based on all the foregoing factors, it is my opinion that the reasonable attorney's fees Defendants incurred related to preparing for and seeking the depositions of Josephine Tong and Frank Birgfeld and Defendants' Motion to Compel is $4,777.50. Of this total, I estimate that $1,000.00 worth of services will be utilized when the

depositions are actually taken.  Thus, the loss to the Defendants based on the non-appearance (twice) of the witnesses is $3,777.50.

I declare under penalty of perjury that the foregoing is true and correct.

Kenneth Stein

SUBSCRIBED and SWORN TO BEFORE ME on this 7th day of December, 2004, to certify which witness my hand and official seal.



Notary Public, State of Texas

DONNA H. SWALLOW
MY COMMISSION EXPIRES
June 11, 2008

My Commission Expires:

June 11, 2008

Print or Type Notary's Name

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPHINE TONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:03-CV-1234-Y |
| | § | |
| DIRECT TRADING CORP., DIRECT | § | |
| TRADING, GP, INC., DIRECT | § | |
| TRADING INSTITUTIONAL, INC., | § | |
| DIRECT TRADING MANAGEMENT, | § | |
| L.P., MARK GULIS AND | § | |
| ALLAN PETERSON, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF MARK GULIS

Mark Gulis hereby states as follows:

1.      My name is Mark Gulis. I am over 21 years of age; have never been convicted of a

felony or crime involving theft, dishonesty, breach of a duty of trust or moral

turpitude; am competent and authorized to make this affidavit; and have personal

knowledge and hereby state that the facts contained herein are true and correct.

2.      I am Corporate Secretary for Direct Trading Corp. ("DTC"). I have held this

position since 1994. I am also the co-founder and part owner of Direct Trading GP,

Inc. ("DTG"), Direct Trading Management, L.P. ("DTM"), and Direct Trading

Institutional, Inc. ("DTI"), and have been since approximately June 2001.

3.    Because of my affiliation with DTC, DTG, DTM and DTI, and because I have personally been named a defendant in this lawsuit, it is necessary, and appropriate for me to be present at the deposition of Josephine Tong ("Tong").

4.    By Court order of November 30, 2004, Tong's deposition has been reset for December 11, 2004 at 9:00 a.m. I was present on November 30, 2004 for the deposition of Tong, which was Court-ordered for that date, but Tong did not appear.

5.    I have previously scheduled a vacation, and was supposed to be away from Dallas on December 11, 2004. To attend Tong's deposition on that day, I will have to fly from Orlando, Florida to Dallas, Texas. The price of this airfare was $350.70.

I declare under penalty of perjury that the foregoing is true and correct.

Mark Gulis

SUBSCRIBED and SWORN TO BEFORE ME on this _____ day of December, 2004,

to certify which witness my hand and official seal.

PRICILLA GAYLE
Notary Public
State of Texas
My Commission Expires
May 20, 2006

My Commission Expires:

5/06

Notary Public, State of Texas

Priscilla Gayle

Print or Type Notary's Name

AFFIDAVIT                                                                                          2
T:\223\2\2875\59142\Pleadings\Affidavits--Fees Motion to Compel.wpd

Page 5

```
1               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
2                      FORT WORTH DIVISION

3    JOSEPHINE TONG,              :
          PLAINTIFF,              :
4                                 :
     VS.                          : CIVIL ACTION NO.
5                                 : 4:03CV-1234-Y
     DIRECT TRADING CORP., ET AL.,:
6         DEFENDANTS.             :

7

8

9               REPORTER'S CERTIFICATION TO

10           THE CERTIFICATE OF NONAPPEARANCE

11              TAKEN ON NOVEMBER 30, 2004

12

13

14               I, Sarah Mae Blackburn, a Certified

15   Shorthand Reporter in and for the State of Texas,

16   hereby certify pursuant to the Rules the following:

17               That the statements contained in the

18   Certificate of Nonappearance for the deposition of

19   JOSEPHINE TONG are true and correct;

20               That $ /00 00   is the taxable cost for

21   the preparation of the completed Certificate of

22   Nonappearance and any copies of attachments, charged

23   to Mr. Kenneth R. Stein, attorney for Defendants;

24

25
```

Page 6

1          That the original of the Certificate of

2    Nonappearance transcript, together with copies of any

3    and all statements, was delivered to Mr. Kenneth R.

4    Stein, Matthews, Stein, Shiels, Pearce, Knott, Eden &

5    Davis, L.L.P., 8131 LBJ Freeway, Suite 700, Dallas,

6    Texas 75251.


8          Subscribed and sworn to on this the

9    ___8___ day of _December_, 200_4_.

10

11

12

13

14          _Sarah Mae Blackburn_

15    SARAH MAE BLACKBURN, Texas CSR #1332
     Expiration Date:  12-31-05

16    Firm Registration No. 95
     INDEPENDENT REPORTING

17    6500 Greenville Avenue, Suite 445
     Dallas, Texas 75206

18    (214) 373-4977
     (214) 363-7758 FAX

19

20

21

22

23

24

25

A

EXHIBITS

# KONICEK & DILLON, P.C.

### ATTORNEYS

21 W. STATE STREET
GENEVA, IL 60134

JEFFREY T. MITCHELL
JEFF@KONICEKDILLONLAW.COM

(630) 262-9655
FAX (630) 262-9659
KONICEKANDDILLON.LAWOFFICE.COM

November 29, 2004

**VIA FACSIMILE**
(972) 234-1750

Kenneth R. Stein
Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis
Crosspoint Atrium
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251

> RE:   Tong v. Direct Trading

Dear Mr. Stein:

We have attempted to contact our client since receipt on November 22, 2004 of the court's order compelling her deposition for November 30, 2004. We have not been able to do so. Accordingly, we are unable to produce her for deposition tomorrow. I will be present at the courthouse tomorrow morning at 9:00 a.m. and will also attend the hearing with the Magistrate at 3:00 p.m. However, kindly cancel any court reporter that may have been ordered as the deposition cannot proceed without the deponent. This letter is sent in an attempt to prevent your firm from incurring fees and costs of Ms. Tong's deposition.

In addition, we intend to discuss the issues raised in our motion to vacate with the Magistrate during this 3:00 p.m. hearing with respect to the pending motion to compel arbitration and stay proceedings.

If you wish to discuss this matter prior to tomorrow, I will be available at 4:00 p.m. CST.

Very truly yours,

KONICEK & DILLON, P.C.

Jeffrey T. Mitchell
JTM/jll
cc:   John Burke

P/t's
EXHIBIT NO. 4
S.M. BLACKBURN

/29/2004 MON 14:34 FAX 630 262 9659      KONICEK & DILLON, P.C.                    ☒001

```
                    *********************
                    ***   TX REPORT   ***
                    *********************

    TRANSMISSION OK

    TX/RX NO              3991
    CONNECTION TEL             19722341750
    CONNECTION ID
    ST. TIME             11/29 14:34
    USAGE T              00'39
    PGS. SENT               2
    RESULT               OK
```

# KONICEK & DILLON, P.C.

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Kenneth Stein | Jeffrey T. Mitchell |
| | jeff@konicekdillonlaw.com |

| COMPANY: | DATE: |
|---|---|
| Matthews, Stein, et al. | November 29, 2004 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 972-234-1750 | 2 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Tong v. Direct Trading | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
 2                   FORT WORTH DIVISION

 3   JOSEPHINE TONG,              )
                                  )
 4              Plaintiff,        )
     VS.                          ) CIVIL ACTION NO.
 5                                ) 4:03-CV-1234-Y
     DIRECT TRADING CORP., DIRECT )
 6   TRADING, GP, INC., DIRECT    )
     TRADING INSTITUTIONAL, INC., )
 7   DIRECT TRADING MANAGEMENT,   )
     L.P., MARK GULIS AND         )
 8   ALLAN PETERSON,              )
                                  )
 9              Defendants.       )

10

11

12      *****************************

13              MOTION TO COMPEL

14      *****************************

15

16

17

18       On Tuesday, the 30th day of November, 2004, at

19   9:30 a.m., the following proceedings came on to be

20   heard in the above-entitled and numbered cause before

21   the Honorable Charles Bleil, U.S. Magistrate Judge

22   presiding, held in Eldon B. Mahon United States

23   District Courthouse, Fifth Floor, Fort Worth, Tarrant

24   County, Texas.

25       Proceedings reported by stenography.
```

Page 2

1                   A P P E A R A N C E S

2   APPEARING FOR THE PLAINTIFF:

3       Mr. Jeffrey T. Mitchell
        Konicek & Dillon, P.C.
4       21 West State Street
        Geneva, Illinois 60134
5       (630) 262-9659

6

7   APPEARING FOR THE DEFENDANTS:

8       Mr. Kenneth R. Stein
        Matthews, Stein, Shiels, Pearce, Knott, Eden &
9           Davis, L.L.P.
        8131 LBJ Freeway, Suite 700
10      Dallas, Texas  75251
        (972) 234-3400

11

12

13

14              HEARING EXHIBIT INDEX

15  NO. DESCRIPTION              OFFERED    ADMITTED

16  1   11-29-04 Facsimile          6          6
        Transmittal Sheet with
17      attached 11-29-04 Letter
        to K. Stein from J. Mitchell

18
19  2   7-28-04 Letter to J. Burke  20         20
        and J. Mitchell from
        C. Paquin

20

21

22

23

24

25

Page 3

1                          P R O C E E D I N G S

2                  THE COURT:  This hearing was scheduled

3      for 3:00, but Mr. Stein asked if we could have it

4      earlier and, as it turned out, we can.  In any event,

5      what this is is a hearing that was scheduled for 3:00

6      this afternoon on a Motion to Compel and for

7      sanctions.  And there was a deposition scheduled for

8      9:00 today and then one for tomorrow.

9                  The first thing I would like is for the

10     attorneys to stand and enter their appearance of

11     record.

12                 MR. MITCHELL:  Jeffrey Mitchell for the

13     Plaintiff, Your Honor.

14                 THE COURT:  Mr. Mitchell, good to have

15     you.

16                 MR. MITCHELL:  Thank you.

17                 MR. STEIN:  My name is Ken Stein.  I

18     represent the Defendants that are of record that filed

19     an appearance.

20                 THE COURT:  That's all of the

21     Defendants?

22                 MR. STEIN:  No, Your Honor, there is

23     actually one Defendant who has not made an appearance,

24     Allan Peterson.  I represent all of the other

25     Defendants.

Page 4

1          THE COURT:  Thank you, Mr. Stein.  I

2     would like to be officially brought up to date.  It is

3     my understanding that the Witness Plaintiff did not

4     appear today.

5          MR. STEIN:  Your Honor, that's correct.

6     We appeared at 9 o'clock with the Court Reporter to

7     take the deposition of Josephine Tong, who the Court

8     ordered to appear here today at that time in Room 505

9     on the fifth floor of this same courthouse by order

10    signed November 16th, 2004.  Ms. Tong did not appear.

11         My office received a letter from the

12    Plaintiff's counsel yesterday afternoon sometime

13    indicating that she would not appear.  I believe the

14    letter said they were not able to get in touch with

15    her.

16         I was in Houston for arbitration-ordered

17    depositions yesterday with out-of-state counsel and

18    witnesses and I didn't get back to my office until

19    10:00 last night.  I saw everything that was in my

20    office at 10:00 and made the decision to come here

21    this morning at 9 o'clock and have the Court Reporter

22    appear and make a record of whatever did happen or did

23    not happen.

24         I've also inquired of counsel as to the

25    deposition tomorrow, the expert witness designated by

Page 5

1  the Plaintiff, Frank Birgfeld.   And counsel has

2  informed me that Mr. Birgfeld is not going to appear

3  for deposition either.

4             That's where we are.   I'm sorry?

5             THE COURT:   I was going to ask

6  Mr. Stein.   Did you have a copy of that letter?

7             MR. STEIN:   The letter to me?

8             THE COURT:   Yes, sir.

9             MR. STEIN:   I believe so.

10             MR. MITCHELL:   Your Honor, I had that

11  marked at the start of the deposition, I guess the

12  certificate, so that is part of the record, Your

13  Honor.

14             MR. STEIN:   Yes, Your Honor, I have a

15  copy I can show you.

16             THE COURT:   As part of the record for

17  this hearing?

18             MR. MITCHELL:   Well, we started the

19  deposition at 9 o'clock.

20             THE COURT:   Oh, okay.   Well, this is a

21  different matter.   I would like to have a copy of

22  that.

23             MR. STEIN:   I have it, Your Honor.

24             THE COURT:   As an exhibit for this

25  hearing.   Thank you.

Page 6

1      MR. STEIN:  The only thing that is on it

2   that wasn't originally, there are the letters "FYI" in

3   blue ink that apparently somebody in my office put on,

4   otherwise, it is as it was received.

5      THE COURT:  Thank you, Mr. Stein.

6      Mark that as Hearing Exhibit 1.

7      (Hearing Exhibit Number 1 marked for

8      identification and admitted.)

9      THE COURT:  Very well.  I've read the

10   letter, Mr. Mitchell, and it says that you intend to

11   discuss the issues with the Magistrate.  I take it

12   that's me.

13      MR. MITCHELL:  Yes, Your Honor.

14      THE COURT:  Do you want to do that at

15   this time?  It appears to me that the original Motion

16   to Compel, I did grant, because I thought it was good

17   and the Motion for Sanctions seemed to have merit and

18   I was going to address that.

19      And we might also address further

20   sanctions, I guess, treat the Motion to Compel as

21   related to the matter of the failure to appear today

22   of your client, Josephine Tong, and her expert

23   witness, if he is not appearing.

24      MR. MITCHELL:  At this time that's

25   correct, Your Honor.

Page 7

1          THE COURT:  Very well.  I'm here for

2     anything you want to say and then I will also hear

3     from Defendants' counsel.

4          MR. STEIN:  Thank you, Your Honor.

5          THE COURT:  At the conclusion of this

6     hearing I may not rule, because I will require

7     affidavits regarding the matters of costs and

8     attorneys' fees, insofar as that would be an

9     appropriate sanction, among others.

10          But in any event, Mr. Mitchell?

11          MR. MITCHELL:  Very good, Your Honor.

12     Let me address -- I guess I'll go back to the

13     beginning and address the original Motion to Compel

14     that was filed.  The depositions for Josephine Tong

15     and the Plaintiff's expert witness were noticed for

16     October 6th and 7th of 2004.  I am the lead counsel,

17     I'm the trial counsel in this case and I will also be

18     the counsel that will be presenting both the

19     plaintiffs and any other witnesses for their

20     depositions, both preparing them and presenting them.

21          I spoke with Mr. Stein on October 5th

22     and informed him that I was currently engaged in a

23     trial in the Circuit Court of Cook County and that I

24     was unable to come to Texas to present Ms. Tong and

25     Mr. Birgfeld for their depositions.

Page 8

1      THE COURT:  And what time was that

2  speaking?

3      MR. MITCHELL:  It was late in the

4  afternoon of October 5th when it became apparent that

5  our trial was not going to be concluded, and it did

6  not conclude, it did continue throughout that week.

7      Mr. Stein, rather than ask for

8  additional or alternative dates for these depositions

9  simply stated he expected the depositions to go as

10  scheduled and that he would file a Motion to Compel

11  and seek an order compelling, if the depositions did

12  not go.

13      After the Defendants filed their Motion

14  to Compel, the Plaintiff, based on the discovery that

15  we received, the written discovery, filed a Motion to

16  Compel arbitration as stated in the proceedings, which

17  we believed addressed the pending Motion to Compel,

18  because that would stay discovery as well as other

19  proceedings in the matter.

20      While that motion was being briefed in

21  the interim, Your Honor granted the Motion to Compel

22  and directed Ms. Tong to appear today and Mr. Birgfeld

23  to appear tomorrow for their depositions.

24      One of the positions that I am in, Your

25  Honor, is that there is case law in the Fifth Circuit

Page 9

1   that says that if I present my client for deposition,

2   if I engage in discovery that would not be permitted

3   or allowed in the arbitration forum, I've waived

4   arbitration.

5           So the first ground is that I have a

6   duty to my client to preserve her right to arbitration

7   while this matter is pending.  The Defendants have

8   filed their response to the Motion to Compel

9   arbitration.  We anticipate having our reply on file a

10  week early and have it on file this week to have it in

11  front of the District Judge.

12          The Defendants will not be prejudiced in

13  a legal sense by forestalling depositions if

14  arbitration is not -- if this matter is not sent to

15  arbitration.  On the other hand, the Plaintiff would

16  be severely legally prejudiced by essentially being

17  required to forego her arbitration right if she is

18  required to sit for her deposition.

19          Secondly, we received this Court's order

20  compelling these depositions proceed last Tuesday,

21  which was a week after the order was actually

22  entered.  We attempted to contact our client.  I at

23  least wanted to have her here this afternoon, Your

24  Honor, as was directed by this Court.  We were not

25  able to actually speak with her until after the close

Page 10

1    of business yesterday.  She had just arrived at

2    LaGuardia Airport after being out of the country in

3    Spain.

4                 THE COURT:  Let's go back.  I would like

5    to know when you received the Court's order.

6                 MR. MITCHELL:  I believe it was last

7    Tuesday, Your Honor.  I'm not sure if that was the

8    20 --

9                 THE COURT:  Is that the day it was

10   entered?

11                MR. MITCHELL:  No.  It was actually

12   entered a week prior.  We received it one week after

13   the date it was entered.  It was entered directing the

14   Plaintiff to appear within two weeks.  We received it

15   a week after that.  We filed our motion asking the

16   Court to reconsider or vacate the follow day.

17                THE COURT:  I will state that I directed

18   my Judicial Assistant to ascertain whether you had a

19   fax number.  And she replied that, yes, you did.  And

20   then she said she had sent it and had a confirmation

21   of that fax.

22                Ms. DuPree, I'm going to ask you to

23   check with Ms. Fitzhugh and see if she has that, then

24   I would like that also to be an exhibit to this

25   hearing.

1          MR. MITCHELL:  And, Your Honor, I state

2    that I did not receive that on my desk.  I will not

3    say that it was not received by the office, but I did

4    not see the Court's order until it was received· by

5    mail last Tuesday.

6          THE COURT:  Well, we knew that the

7    timing was tight and that you needed that notice as

8    soon as possible and that's why I directed that.  We

9    do have electronic service, but you have to be signed

10   up for that.

11         MR. MITCHELL:  Well, and I received a

12   notice from the clerk's office and we are in the

13   process of signing up to receive that.

14         THE COURT:  But because you weren't and

15   I knew that, I did direct the faxing of that order.

16   But go ahead.

17         MR. MITCHELL:  So I guess with respect

18   to sanctions or corporate sanctions, in addressing the

19   original Motion to Compel and failure of the Plaintiff

20   and her expert witness to appear in October of this

21   year for their depositions, Defendants' counsel was

22   spoken to the day before those depositions to inform

23   him that neither one could go, because Plaintiff's

24   counsel was previously engaged.

25              If counsel prepared for those

Page 12

1    depositions and had time preparing for those

2    depositions, that time will not be wasted at some

3    point in time if those depositions go forward.

4            THE COURT:  That depends on the lawyer.

5    I once had a law partner who could prepare a case for

6    trial and if it got continued for six months or ten

7    months, he didn't need to go over any of his

8    preparation and he was ready.  He was the only lawyer

9    I ever knew that could do that.  I certainly

10   couldn't.

11           MR. MITCHELL:  I understand it, Your

12   Honor.  I guess in response to that I would say that

13   determination of the amount of sanctions then would be

14   premature at this time, because the depositions have

15   not gone forward and Mr. Stein has not either had to

16   re-review the materials or re-prepare.  So it would be

17   premature.

18           In addition and along those same lines,

19   when it became apparently late yesterday afternoon,

20   number one, that even if the Plaintiff was prepared to

21   present Ms. Tong for her deposition, I was unable to

22   contact her and, once again, contacted Mr. Stein's

23   office to inform him in an attempt to save their

24   office from additional costs of appearing here first

25   thing this morning.  I did tell them that I would be

Page 13

1    here first thing this morning in case the Court was

2    able to hear this matter early, as I appreciate that

3    you are.

4              What this really boils down to, Your

5    Honor, is that the Plaintiff is between a rock and a

6    hard place right now.  We certainly do not want to

7    fail to comply with this Court's order and it is

8    certainly not done in any sort of disrespect to Your

9    Honor or the authority of this Court.  And it is not

10   done in bad faith.

11             The problem is a balancing of the

12   Plaintiffs foregoing their right to arbitration under

13   the Federal Arbitration Act and the Defendants having

14   to delay taking the Plaintiff's deposition until after

15   the District Court decides whether or not this matter

16   is appropriate to go to arbitration and that all

17   proceedings in this matter be stayed.

18             I have never stood before a Court and

19   explained that I have a duty to my client that

20   requires me not to comply with a Court order and I am

21   uncomfortable doing so.  I'm uncomfortable doing so,

22   Your Honor.  But I feel that if I produce my client, I

23   will waive her right to arbitrate.  And I imagine

24   Mr. Stein, being a very talented lawyer, that would be

25   one of his first arguments that that right had been

Page 14

1    waived.

2                  THE COURT:  That may well be his

3    argument.  Whatever.  It has been a while since I

4    practiced law, but I never, I never felt any

5    professional or ethical duty to disobey a Court order

6    or to advise a client not to follow a Court order.

7                  And other than attacking an order as

8    being illegal or improper or something like that, I

9    can't conceive that a lawyer would ever think that

10   that would be the professional or ethical thing to

11   do.  It might be the choice a lawyer would make, but I

12   wouldn't think it would be in keeping with

13   professional standards and I've never heard that.

14   I've never heard a lawyer say that he felt that

15   obligation, especially under these circumstances.

16                 I've been a judge of various kinds for

17   more than 26 years and I've never heard of it and I've

18   heard a lot, especially under these circumstances when

19   it seems to be a standard operating procedure that

20   it's late the day before or the night before you get

21   notice to the lawyer, "I can't do it," and by "do it,"

22   I mean, I can't follow the Court's order.

23                 I don't know what you think your duty to

24   your client may be, but you are in real close danger

25   of losing your client and your case, because it is

Page 15

1    sometimes appropriate for a sanction to include a

2    dismissal of the case.  And you and your client are

3    both very close to that and it is certainly not out of

4    the question.

5              I'm in unchartered ground, because I've

6    never had a lawyer not appear and not produce his

7    client twice when overdue.  And I know you are busy,

8    lawyers have a lot of things to do, but I don't hear

9    too many lawyers saying, "Well, I had something else

10   to do, so it wasn't convenient to me, so my client and

11   I couldn't appear for the court-ordered hearing."

12   That's a little shocking to me, because that's not

13   anything I've ever learned, practiced or thought to be

14   proper and appropriate conduct.

15             And I don't believe they do that in the

16   circuit courts where you practice or in the federal

17   courts where you practice.  And if that's a standard

18   practice, and we've got two instances of it right here

19   within a very short period of time, I find it a little

20   bit shocking.

21             MR. MITCHELL:  Your Honor, may I

22   respond?

23             THE COURT:  You may.

24             MR. MITCHELL:  First, Your Honor, that

25   with respect to appearing at the hearing, I am, I have

Page 16

1    appeared for the Court's hearing and was prepared to

2    be here at 3 o'clock this afternoon, the time the

3    Court directed counsel to be here for the hearing for

4    Motion to Compel.

5              With respect to my client, as I informed

6    the Court, I was not able to speak with her after

7    receiving this Court's order until very late yesterday

8    afternoon.  She arrived from out of country and was at

9    the airport and not even past the customs yet and

10   received my voice mail, I should say my co-counsel's

11   voicemail, and returned his call.

12             So if the Court -- if it is something

13   that I said that led the Court to believe I was too

14   busy to comply with this Court's order, then I

15   apologize for misspeaking, that is certainly not the

16   case, Your Honor.  I was here at 9 o'clock this

17   morning and I certainly was prepared to proceed at 3

18   o'clock this afternoon.

19             With respect to failing to appear on two

20   occasions close to each other, one of those occasions

21   involved this Court's order, the other involved a

22   Notice of Deposition in which I spoke with Counsel.

23             THE COURT:  You are correct.

24             MR. MITCHELL:  Your Honor, I understand

25   that in your experience, and you certainly have quite

Page 17

```
 1    a bit more experience than I do in the practice of
 2    law, there are occasions, and I don't know if it is an
 3    analogy to the one that is before the Court currently,
 4    when a Court will direct a litigant to produce
 5    information that that attorney believes is either
 6    privileged or protected or will somehow impair his
 7    client's rights, and the ethical obligations to that
 8    client require attorneys on occasions not to comply
 9    with the Court's order.
10              And again, I have not ever had to do
11    this before and I do not value doing it now and I
12    certainly mean no disrespect to this Court.
13              THE COURT:  I agree with you there are
14    occasions and pending an attorney's application for
15    writ of mandamus is certainly an occasion.  In this
16    particular situation, pending some appeal to the
17    District Judge who referred this matter to me, might
18    be such an occasion.
19              But absent something like that in which
20    the lawyer is seeking judicial protection from a
21    judicial directive, I don't know what school teaches
22    that it is all right for a lawyer not to follow the
23    Court's order.
24              And I would be a little more sympathetic
25    with your explanation if you didn't tell me
```

1    essentially as a lawyer you can't let your client

2    appear for fear she might waive some legal right

3    that's on the verge of being totally lost anyway.   And

4    we're here on a Motion to Compel and for sanctions,

5    really, insofar as your client is concerned, but you

6    are real close to, if you haven't already, admitted or

7    confessed to sanctionable conduct.   And it is just a

8    little shocking to me.   I don't see a lot of that.

9            Frankly, we don't have a lot of

10   discovery problems here, but to think because you are

11   in some trial of a case that you can call a lawyer or

12   because your client's out of pocket, you can just more

13   or less ignore the Notice of Deposition or the order

14   to appear, anyway, I guess you've got me shocked, I

15   will admit that.

16           And at the conclusion of this I'm not

17   going to enter any order.   I am going to request

18   affidavits of costs and attorneys' fees in connection

19   with this hearing and the lack of attendance at the

20   earlier deposition.   And in all likelihood, I expect

21   to enter an order that compels the attendance of your

22   client for a deposition.

23           And I will, I guess, I'll give you a

24   chance to reexamine your views and to consider what's

25   ethical and professional and whether it is worth your

Page 19

1    being sanctioned as an attorney.  I don't know

2    anything about you.  I don't know if -- I know some

3    attorneys who it is just like water off a duck's back,

4    but whenever you are asked by any Court "Have you been

5    sanctioned?"  If you tell the truth, you would have to

6    say, "Yes, and here's what I did, I didn't want to

7    follow the Court's order, so I chose a higher path" or

8    however you would want to explain it.

9              But in any event, this is what I expect

10   to do and should you not appear, as you are appearing

11   now, or should you direct your client not to appear,

12   your conduct may be sanctionable.

13             Should your client not appear, she

14   certainly will be in jeopardy of losing her case

15   without ever getting to Court because she wouldn't

16   give a deposition.

17             In any event, that's about where I am

18   with you, Mr. Mitchell, and I regret it, but I don't

19   look over my shoulder a lot, because I don't do what's

20   right first, I try to follow the law, then I try to

21   follow the rules, and within that narrow perimeter,

22   then I do what is right.  But I never first do the

23   right thing and then look to see is this within the

24   law or the rules.  And I think that's where you are.

25   So we may be a little different.

Page 20

1          But in any event, Mr. Stein, do you wish

2     to be heard?

3          MR. STEIN:  I do, Your Honor.  And I

4     will have to ask to be excused for being a sceptic or

5     being rude, but I don't think this is a good case of

6     good faith and I'll share with the Court why.

7          I'd like to offer first as an exhibit a

8     letter dated July 28, 2004.

9               (Hearing Exhibit No. 2 marked for

10                   identification and admitted.)

11          MR. STEIN:  May I approach, Your Honor?

12          THE COURT:  You may.

13          MR. STEIN:  By this letter, we sent a

14     letter by facsimile transmission to both of the

15     Plaintiffs' lawyers of record in Illinois, and I'll

16     also add that Plaintiff also has local counsel here in

17     Fort Worth, three different lawyers available to

18     Plaintiff, requesting the deposition of Josephine Tong

19     and her expert, Frank Birgfeld.

20          And the Court should also be aware that

21     this case is old.  This is a two-year-old case.  It

22     was initially filed in Chicago.  It was transferred

23     down here to Texas.

24          We got no response to this letter.

25     Ever.  So in August, and these notices are attached to

Page 20

1    But in any event, Mr. Stein, do you wish

2    to be heard?

3         MR. STEIN:  I do, Your Honor.  And I

4    will have to ask to be excused for being a sceptic or

5    being rude, but I don't think this is a good case of

6    good faith and I'll share with the Court why.

7         I'd like to offer first as an exhibit a

8    letter dated July 28, 2004.

9         (Hearing Exhibit No. 2 marked for

10        identification and admitted.)

11        MR. STEIN:  May I approach, Your Honor?

12        THE COURT:  You may.

13        MR. STEIN:  By this letter, we sent a

14   letter by facsimile transmission to both of the

15   Plaintiffs' lawyers of record in Illinois, and I'll

16   also add that Plaintiff also has local counsel here in

17   Fort Worth, three different lawyers available to

18   Plaintiff, requesting the deposition of Josephine Tong

19   and her expert, Frank Birgfeld.

20        And the Court should also be aware that

21   this case is old.  This is a two-year-old case.  It

22   was initially filed in Chicago.  It was transferred

23   down here to Texas.

24        We got no response to this letter.

25   Ever.  So in August, and these notices are attached to

Page 21

1    the Motion to Compel, we noticed the depositions of

2    the Plaintiff and the expert.

3              We stated in the Motion to Compel,

4    Section A, that Plaintiff and her expert probably

5    never had any intention of appearing at these

6    depositions.  The Court should require that the

7    Plaintiff offer proof of travel arrangements as

8    evidence on this point.

9              Plaintiff never filed a response to this

10   motion.  Plaintiff has never made a showing that she

11   or Frank Birgfeld ever intended to appear for these

12   October depositions as noticed for months; no proof of

13   airline tickets, hotel reservations, anything else,

14   only this one call from one of the lawyers late in the

15   afternoon the day before when at least two other

16   counsel could have been available to present a witness

17   for deposition.  If lead counsel wanted to prepare the

18   witnesses, he could have done that well in advance of

19   the depositions.  But any of the other two lawyers

20   could have presented those two witnesses for

21   deposition.

22             There is simply no valid excuse

23   whatsoever for the Plaintiff and her expert not

24   appearing for the first deposition scheduled.  There's

25   no showing that they ever intended to appear for those

1  depositions.

2         Nonetheless, the Court essentially gave

3  the Plaintiff and her expect a second chance by

4  ordering in response the Motion to Compel that the

5  Plaintiff and her counsel appear for depositions today

6  and tomorrow.  And as counsel has explained, he

7  intentionally disregarded that order for strategical

8  purposes.

9         There's no reason for a third chance.

10 I'm not that unique or unusual lawyer that can prepare

11 for deposition or trial or hearing and a month later,

12 without anything else, show up and do my work.  I did

13 spend additional time reviewing, re-reviewing the

14 work, meeting again with the client to prepare for the

15 depositions for today and tomorrow.  And I understand

16 the Court wants that evidence by affidavit, and we're

17 certainly willing to do so.

18         We're here today.  We can handle this

19 however the Court wants to, but we certainly believe

20 that a dismissal of the Plaintiff's case is

21 appropriate given the history and lack of evidence and

22 good faith on the part of the Plaintiff or her expert

23 witness to prosecute this case that is two years old.

24         We have a discovery deadline of

25 December 30.  The time has past for the discovery to

Page 23

1    have been produced and for this case to be prosecuted

2    if the Plaintiff really has a sincere interest in

3    doing so.  She did file discovery.  She sent

4    interrogatories to Defendants in this lawsuit.  She

5    filed the lawsuit.

6           We filed in our response through motion

7    of arbitration case law that shows when a plaintiff

8    files litigation, she's waived any right to

9    arbitration, if she ever had it.  This motion to

10   compel arbitration is based on two documents that not

11   only are not in the names of the Defendants, they are

12   not signed by anybody.

13          So in sum, the Court has every ground

14   and reason and basis to disregard whatever excuses

15   have been offered this morning by the Plaintiff, to

16   enter the sanctions for the prior conduct and to enter

17   a dismissal of Plaintiff's claims based on everything

18   that has happened up to this moment.

19          THE COURT:  Thank you, Mr. Stein.

20          Did you wish to be heard, Mr. Mitchell?

21          MR. MITCHELL:  Just very briefly, Your

22   Honor.  The characterization that the Plaintiff is

23   intentionally failing to comply with this Court's

24   order for some strategical purpose is simply not

25   correct.  And I'll just stand on what I explained to

Page 24

1   the Court.  I explained it fairly lengthy.  I

2   understand how the Court received that, but that was

3   my explanation.

4           With respect to dismissal of this case

5   for failure to comply with one court order, the case

6   law in the Fifth Circuit is fairly extensive with

7   respect to the sanction of a dismissal of a

8   Plaintiff's case.  And from my review of that case law

9   it appears as if that being the harshest sanction this

10  Court can impose, that the Court is required to at

11  least attempt lesser sanctions before dismissing a

12  plaintiff's case for failure to comply with the second

13  court order.

14          That's all I have, Your Honor.  Thank

15  you.

16          THE COURT:  Does Counsel for either side

17  have any particular special plans during the next 10

18  days to two weeks?

19          MR. STEIN:  Let me address that, Your

20  Honor, first.  The answer is "yes" for me.  For

21  whatever reason, the perfect storm has occurred in my

22  professional life in the sense that I have multiple

23  cases all demanding time at the same time.

24          In fact today I was scheduled to be in

25  Houston for the second day of depositions that were

Page 25

1    ordered by an arbitration panel to occur today.  I got

2    another lawyer from our office to handle that.  I have

3    another case, multiparty case, with depositions today

4    that I was supposed to be at and I got another lawyer

5    to handle.  I'm scheduled to be in Austin on the 3rd

6    for an arbitration, December 3rd.  I'm on a trial

7    docket in Hidalgo County for December 6 for a

8    three-week case in which there are about 15 parties.

9             I didn't bring my calendar with me, but

10   I can tell the Court I've got about five cases with

11   multiparties where we have all gotten our calendars

12   out and scheduled depositions and virtually every day

13   from now until April -- I'm set for an arbitration in

14   Houston that's supposed to last for three weeks

15   starting January 28th.  I'm actually going to take two

16   days and take my children skiing in the middle of

17   January, the 13th to 17th, including those two weekend

18   days.

19             I will do whatever is necessary to

20   comply with the Court's directions to handle this

21   case, but it is a huge inconvenience for us not to

22   have gone forward with the depositions today and

23   tomorrow.

24             THE COURT:  I understand.  Thank you,

25   Mr. Stein.

1           Mr. Mitchell?

2           MR. MITCHELL:  Your Honor, I will also,

3    I will make myself available.  I will speak with my

4    client and explain Your Honor's position and the

5    admonition to her accordingly.

6           THE COURT:  I'm going to order -- I'm

7    going to give you a chance to see what is in your best

8    professional interest and what is in the best interest

9    of your client.  I'm going to order another appearance

10   and I'm going to do it soon and I may even do it on a

11   Saturday when I know there are no -- well, not too

12   many court appearances.

13           So if this is something that you just

14   can't do because of some personal moral compass within

15   your makeup, then that's fine.  And I'm going to order

16   that she appear for that deposition upon pain of

17   dismissal.

18           In the meantime I'm going to order --

19   and, Mr. Stein, I see that there are other attorneys

20   in your firm.  I am going to order that by

21   December 8th you furnish the Court whatever evidence

22   in support of monetary sanctions and attorneys' fees

23   as a result of both the October 6th nonappearance and

24   the nonappearance today.

25           I'm not going to order the appearance of

1    the expert, but I am going to consider whether an

2    appropriate sanction, and I think it certainly could

3    be, for his nonappearance would be that there be no

4    evidence from him.  And if you want to, Mr. Stein, you

5    could address that.  That's certainly where I'm

6    leaning.

7              And I might be inclined to do the same

8    thing with Ms. Tong, except I think she may have been

9    misled.  And I think by the time of the next -- I

10   don't know that another hearing will be necessary,

11   since we've got busy schedules, I may accept a report

12   of what happened.

13             In any event, I'm asking for your input,

14   Mr. Stein, within eight days and fax that to

15   Mr. Mitchell.

16             And, Mr. Mitchell, I'm asking that you

17   get that back within two days, because you won't

18   have -- there's not a lot to respond to when a lawyer

19   says "This is what I've done, this is my standard

20   rate," so I'm going to ask that you reply within two

21   days.  I will reduce this to writing today.

22             And I'm very flexible, since I'm not

23   going to be at the next deposition, it can be here on

24   the 9th or 10th of December or it can be anywhere.  It

25   can be in Mr. Stein's office on the 11th, which is a

 1   Saturday morning.

 2                MR. STEIN:  Frankly, Your Honor, that

 3   would be our preference.  Obviously the defense have

 4   been greatly inconvenienced and expensed by dealing

 5   with this matter and if we can do it in my office, it

 6   shouldn't make any difference to the Plaintiff coming

 7   from Chicago.  It would be preferable for the

 8   Defendants.

 9                THE COURT:  Very well.  How is 9 o'clock

10   on December the 11th?

11                MR. STEIN:  It is fine for me, Your

12   Honor.

13                THE COURT:  I will order that that

14   deposition be held, that Ms. Tong appear at 9 o'clock

15   for that deposition.

16                MR. MITCHELL:  Your Honor, may I ask

17   that that be ordered just a little bit later in the

18   day, just a little later in the morning so that we can

19   actually fly in that morning and do not have to spend

20   Friday night over?

21                THE COURT:  I'll change that to 10:00.

22   I think there are a number of airlines, even Southwest

23   flies pretty frequently.  I don't know how long the

24   deposition might take.

25                But in any event, I also will direct

Page 29

1    that the lawyers report to the Court what happened at

2    that deposition.  I'll give you until Tuesday.  And

3    whatever your reports are will be a part of the record

4    of this hearing, and that would be Tuesday, I guess,

5    the 14th of December.

6              THE COURT:  Mr. Stein, did you --

7              MR. STEIN:  Well, I got a note from

8    Mr. Gulis, who is one of the people most involved with

9    this case from the Defendant's standpoint.  He has

10   written me a note he's out of town on the 11th.

11   Obviously, he'd like to be at the deposition.

12             Is there any chance we could do it this

13   Saturday?

14             MR. GULIS:  I'm out of town this

15   Saturday, too.  If I have got to come back in I prefer

16   to have it at 9:00 in the morning so I can get back

17   out of town to my family vacation.  So if I have to

18   come back Friday night and come to court, I'd like to

19   get back to my family sometime on Saturday as early as

20   possible.  I mean, I prefer 8 o'clock.

21             THE COURT:  Well, I can go back to 9:00,

22   because I think that's reasonable.  And there are

23   flights, it is easier to fly into Love, Love Field in

24   Dallas, especially if you are going to be in Dallas.

25             So I'm not trying to inconvenience

Page 30

1   anyone.  I just like to eat what's on my plate every

2   day and not leave anything left over.  This is

3   unfinished business, but I intend to get it finished

4   as soon as I possibly can.  But I do think because of

5   the importance of the question of appearance or

6   nonappearance and counsel's choice, that it is

7   extremely important --

8                  MR. STEIN:  Thank you, Your Honor.

9                  THE COURT:  -- to whatever ruling I may

10  make and to whatever sanctions I may take, or any.

11                 MR. MITCHELL:  I understand, Your

12  Honor.  If I may say just one more thing for the

13  record.

14                 My decision would be that decision that

15  was made for today or in the future and is not based

16  on an internal moral compass, but what my

17  understanding of the rules of professional conduct are

18  with respect to my duties to my client.

19                 THE COURT:  As I already said, I'm

20  shocked.  I think you need to check those rules

21  again.  And whatever you may ever owe to your client,

22  your duty to the courts and other lawyers never are

23  required to be put on the back burner because of some

24  perceived notion.

25                 I think probably you and I may never

Page 31

1   agree on the matters of professionalisms, ethics and

2   civility and I think you're way outside of the

3   mainstream of thought.

4            But in any event, I will enter this

5   order.  I'm sorry for the inconvenience about setting

6   the deposition.  I know this is not fun for you, but I

7   do promise shortly after I receive your input about

8   this hearing I will enter an order and then my role in

9   this may be concluded, although it is possible that

10   Judge Means would send me something else, if there

11   were anything else.  And I really don't believe there

12   is going to be a whole lot more of pretrial discovery

13   or maybe even not much of a life left in the case,

14   mostly, Mr. Mitchell, because of you.

15            In any event, are there any other

16   matters to be considered in connection with this

17   hearing?

18            MR. STEIN:  Not from our standpoint,

19   Your Honor.

20            MR. MITCHELL:  No, Your Honor.

21            THE COURT:  Very well.  Thank you.  That

22   concludes this hearing.  We are adjourned.

23            (Adjourned at 10:23 a.m.)

24                  -- 0 --

25

Page 32

1   THE STATE OF TEXAS

2   COUNTY OF TARRANT

3       I, SARAH MAE BLACKBURN, Deputy Official Court

4   Reporter in and for the United States District Court

5   for the Northern District of Texas, Fort Worth

6   Division, do hereby certify that the above and

7   foregoing contains a true and correct transcription of

8   all portions of evidence and other proceedings

9   requested in writing by counsel for the parties to be

10  included in this volume of the Reporter's Record, in

11  the above-styled and numbered cause, all of which

12  occurred in open court or in chambers and were

13  reported by me.

14      I further certify that this Reporter's Record of

15  the proceedings truly and correctly reflects the

16  exhibits, if any, admitted by the respective parties.

17      I further certify that the total cost for the

18  preparation of this Reporter's Record is $ *418.55*

19  and was paid by ___*Defendants*___.

20      WITNESS MY OFFICIAL HAND this the ___*8*___ day of

21  *December*___, 2004.

22  ___*Sarah M Blackburn*___

23  SARAH MAE BLACKBURN, Texas CSR #1332
    Expiration Date:  12-31-05    Firm Registration No. 95

24  INDEPENDENT REPORTING, INC.
    6500 Greenville Avenue, Suite 445

25  Dallas, Texas 75206

KONICEK & DILLON, P.C.

*FYI*

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Kenneth Stein | Jeffrey T. Mitchell |
| | jeff@konicekdillonlaw.com |

| COMPANY: | DATE: |
|---|---|
| Matthews, Stein, et al. | November 29, 2004 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 972-234-1750 | 2 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Tong v. Direct Trading | |

---

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

*Hearing*

EXHIBIT NO. ___1___

S.M. BLACKBURN

The information contained in this facsimile is confidential information intended only for the use of the individual or entity named above and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the message to us at the below address via the U.S. Postal Service. Thank you.

# KONICEK & DILLON, P.C.

### ATTORNEYS
21 W. STATE STREET
GENEVA, IL 60134

JEFFREY T. MITCHELL
JEFF@KONICEKDILLONLAW.COM

(630) 262-9655
FAX (630) 262-9659
KONICEKANDDILLON.LAWOFFICE.COM

November 29, 2004

**VIA FACSIMILE**
(972) 234-1750

Kenneth R. Stein
Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis
Crosspoint Atrium
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251

      RE:    Tong v. Direct Trading

Dear Mr. Stein:

We have attempted to contact our client since receipt on November 22, 2004 of the court's order compelling her deposition for November 30, 2004. We have not been able to do so. Accordingly, we are unable to produce her for deposition tomorrow. I will be present at the courthouse tomorrow morning at 9:00 a.m. and will also attend the hearing with the Magistrate at 3:00 p.m. However, kindly cancel any court reporter that may have been ordered as the deposition cannot proceed without the deponent. This letter is sent in an attempt to prevent your firm from incurring fees and costs of Ms. Tong's deposition.

In addition, we intend to discuss the issues raised in our motion to vacate with the Magistrate during this 3:00 p.m. hearing with respect to the pending motion to compel arbitration and stay proceedings.

If you wish to discuss this matter prior to tomorrow, I will be available at 4:00 p.m. CST.

Very truly yours,

KONICEK & DILLON, P.C.

Jeffrey T. Mitchell
JTM/jll
cc:    John Burke

# MATTHEWS, STEIN, SHIELS,
## PEARCE, KNOTT, EDEN & DAVIS, L.L.P.

MISTI L. BEANLAND
AMANDA A. CATLIN
ROBERT J DAVIS
PAUL A. DERKS
ROBERT L. EDEN
DANIEL A. KNOTT
TOM D. MATTHEWS (1910-1988)

ATTORNEYS AND COUNSELORS

8131 LBJ FREEWAY, SUITE 700
DALLAS, TEXAS 75251

TELEPHONE: (972) 234-3400
TELECOPIER: (972) 234-1750

TOM D. MATTHEWS, JR.
CHRISTEN C. PAQUIN
PAUL K. PEARCE, JR.
THOMAS A. SHIELS
KENNETH R. STEIN
JESSE S. WHITE

July 28, 2004

Mr. John S. Burke
Higgins & Burke, P.C.
7 S. Second Avenue
St. Charles, Illinois 60174

VIA FACSIMILE (ONLY): (630) 762-9084

Mr. Jeffrey Mitchell
Konicek & Dillon, P.C.
21 W. State Street
Geneva, Illinois 60134

VIA FACSIMILE (ONLY): (630) 262-9659

Re:   Cause No. 4:03-CV-1234-Y
      Josephine Tong
      vs.
      Direct Trading Corp., et al.
      Our File No.: 2875-59142

Dear Counsel:

Direct Trading Corporation would like to depose Josephine Tong and Plaintiff's expert, Frank J. Birgfeld in the above referenced matter. By Wednesday, August 4, 2004, please provide me with dates that Ms. Tong and Mr. Birgfeld will be available in August and September 2004.

Thank you for your cooperation in scheduling these depositions.

Sincerely,

Christen C. Paquin

CCP/lmj
S:\223\2\2875\59142\Correspondence\counsel burke 001 wpd 223

