IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPHINE TONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:03-CV-1234-Y |
| | ) | |
| DIRECT TRADING CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
EXPERT JOHN STEIN AND MOTION FOR SANCTIONS**

Plaintiff, JOSEPHINE TONG, by and through her attorney, John S. Burke, moves this Honorable Court pursuant to the Federal Rules of Civil Procedure to Strike Defendants' Expert Witness and compel sanctions against defendants and their attorneys for noncompliance with the Court's Amended Scheduling Order, or in the alternative, give plaintiff leave to reinstate Phillip A. Feigin as a rebuttal expert, and in support thereof, states as follows:

1. On September 7, 2004, the Court entered its Amended Scheduling Order pursuant to Fed. R. Civ. P. 16(b). Pursuant to the Order, all disclosures related to expert witnesses required by Fed. R. Civ. P. 26(a)(2)(A) and (B) were to be made by each party no later than 4:30 p.m. on September 15, 2004.

2. Pursuant to said Order, the parties were to cease all discovery activity by 4:30 p.m. on December 30, 2004.

3. On or about December 21, 2004, defendants filed a Supplemental Disclosure of

      Expert Witnesses to disclose expert John Stein to testify in support of defendants' claim that "plaintiff was required to have either a Series 66 or 63 license to receive commissions based on the sales or purchases of stocks and options by Direct Trading Corporation customers." *See Defendants' Supplemental Disclosure of Expert Witnesses* ("Supplemental Disclosure"), attached hereto and incorporated herein in *Appendix* at p. 1, 2.

4. On December 29, 2004, plaintiff filed a Supplemental Disclosure of Expert Witnesses to disclose rebuttal expert Phillip A. Feigin to testify that "Plaintiff was not required to have either a Series 66 or 63 license to receive commissions based on the sales or purchases of stocks and options by Direct Trading Corporation customers." *See Plaintiff's Supplemental Disclosure of Expert Witnesses* ("Supplemental Disclosure"), attached hereto and incorporated herein in *Appendix* at p. 6, 7.

5. Rule 16(f) of the Federal Rules of Civil Procedure provides that, if a party or his attorney fails to obey a scheduling or pretrial order, the Court may issue an order prohibiting that party from introducing designated matters into evidence or striking pleadings or parts thereof. See Fed. R. Civ. P. 16(f), 37(b)(2) (B) & (C).

6. Rule 16(f) of the Federal Rules of Civil Procedure further provides that, "in lieu of or in addition to any other sanctions, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an

award of expenses unjust." Fed. R. Civ. P. 16(f)

7. Plaintiff's rebuttal expert, Phillip A. Feigin, was stricken by the Court's Order dated September 19, 2005, as being untimely. *See Court's Order Granting Defendants' Motion to Strike Plaintiff's Expert Witness*, dated Sept. 19, 2005.

8. In said Order, the Court stated, "If plaintiff wishes to strike defendants' late designation, she must so move; should she wish to designate an expert out of time, that requires leave of Court." *See Court's Order Granting Defendants' Motion to Strike Plaintiff's Expert Witness*, dated Sept. 19, 2005.

WHEREFORE, plaintiff JOSEPHINE TONG, respectfully requests that this Court grant Plaintiff's Motion to Strike Defendants' Expert and sanction the defendants and their attorneys for their violation of the Court's Amended Scheduling Order, or in the alternative, give plaintiff leave to reinstate Phillip A. Feigin as a rebuttal expert.

Respectfully Submitted,

_____
One of Plaintiff's Attorneys

John S. Burke
Higgins & Burke, P.C.
7 South Second Avenue
St. Charles, Illinois 60174
(630) 762-9081

Bill E. Bowers
Bowers & Searcy, P.C.
1320 South University Drive, Suite 825
Fort Worth, TX 76107
(817)332-9640

3

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 7.1 of the Local Rules of the United States District Court of the Northern District of Texas, counsel for Plaintiff conferred by telephone with Christen C. Paquin, counsel for Defendants, regarding the substance of this Motion. Counsel for Defendants opposes this motion.

_____
John S. Burke

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing document has been forwarded to the following counsel of record by regular U.S. mail on this 11th day of January, 2006.

Kenneth R. Stein
Christen C. Paquin
Matthews, Stein, Shiels, Pearce,
Knott, Eden & Davis, L.L.P.
8313 LBJ Freeway, Suite 700
Dallas, TX 75251

_____
John S. Burke
Attorney for Josephine Tong

John S. Burke
Higgins & Burke, P. C.
7 S. Second Avenue
St. Charles, IL 60174
(630)762-9081

Bill E. Bowers
Bowers & Searcy
1320 S. University Drive, Suite 825
Fort Worth, Texas 76107
(817-332-9640