IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPHINE TONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:03-CV-1234-Y |
| | § | |
| DIRECT TRADING CORP., DIRECT TRADING, GP, INC., DIRECT TRADING INSTITUTIONAL, INC., DIRECT TRADING MANAGEMENT, L.P., MARK GULIS AND ALLAN PETERSON, | § | |
| | § | |
| Defendants. | § | |

DEFENDANTS' SECOND MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS,
MOTION FOR SANCTIONS AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Direct Trading Corp., Direct Trading, GP, Inc., Direct Trading Institutional, Inc., Direct Trading Management, L.P., Mark Gulis and Allan Peterson (collectively "Defendants"), file this Defendants' Second Motion to Strike Plaintiff's Expert Witness and brief in Support, and in support thereof would show the Court as follows:

I.

BACKGROUND

1.   On December 29, 2004, Plaintiff filed a Supplemental Disclosure of Expert Witnesses, attempting to designate Philip A. Feigin as an expert in this case. *See Plaintiff's Supplemental*

*Disclosure of Expert Witnesses*, on file with the Court attached as Exhibit A to Defendants' (First) Motion to Strike Plaintiff's Expert Witness and Brief in Support, filed January 10, 2005. In response, Defendants filed a Motion to Strike, arguing that Mr. Feigin was not timely designated. On September 19, 2005, the Court granted Defendants' (First) Motion to Strike Plaintiff's Expert Witness.

2. Now, over a year and a half later, and after the Court has already ruled on the issue, Plaintiff has again filed a Supplemental Disclosure of Expert Witnesses ("Plaintiff's Second Supplemental Disclosure"). *See Plaintiff's Supplemental Disclosure of Expert Witnesses*, attached in Appendix at pages 1-9. In Plaintiff's Second Supplemental Disclosure, Plaintiff attempts to designate her current and former attorneys as experts in the area of attorney's fees in this case.

3. However, based on the Court's September 7, 2004, Amended Scheduling Order, the deadline for disclosures related to expert witnesses was over two years ago, on September 15, 2004. Additionally, the discovery period in this case ceased on December 30, 2004 at 4:30 p.m. Defendants therefore file this Second Motion to Strike Plaintiff's Expert, and seek sanctions against Plaintiff and Plaintiff's attorney for this conduct.

II.

ARGUMENT AND AUTHORITIES

4. Plaintiff's Second Supplemental Disclosure designating her attorneys as expert witnesses was made two years after the Court's September 7, 2004 deadline for disclosures

related to expert witnesses. If a party fails to obey a scheduling order, the judge may make such orders with regard to the failure as are just, including an order refusing to allow the party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters into evidence. FED. R. CIV. P. 16(f). Because Plaintiff made this Supplemental Disclosure long after the Court-ordered expert deadline had passed, her attorneys should be striken as an expert witness.

5.    Additionally, Plaintiff's Second Supplemental Disclosure, filed over a year and a half after the discovery period ended, is untimely. Supplementation cannot be used to extend a discovery deadline. *Sierra Club v. Cedar point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). Plaintiffs' attorneys should therefore be striken as expert witnesses.

6.    Further, the Court has already striken one of Plaintiff's expert witness because he was not timely designated. Fully aware of the Court's September 19, 2005 Order, and with just over 30 days until trial, Plaintiff still chose to designate three new expert witnesses. This is yet another example of Plaintiff's brazen and blatant disregard of the Orders of this Court.[1] Based on this pattern, pursuant to Federal Rule of Civil Procedure 37(b), the Court should sanction Plaintiff for this conduct. FED. R. CIV. P. 37(b).

---

[1] For example, on November 16, 2004, after Plaintiff and her expert failed to appear for their properly-noticed depositions, the Court ordered that the depositions take place on November 30, 2004. Plaintiff and her expert failed to appear for those Court-ordered depositions. *See* Magistrate Judge Bleil's Order dated November 30, 2004. Further, based on the Court's February 2, 2005 Order Granting Motion to Extend Discovery, the parties were to cease all discovery in the case on March 3, 2005. Disregarding this Order, on March 24, 2005, Plaintiff served Defendants with Plaintiff's First Set of Requests to Admit. *See* Order Granting Defendants' Motion to Strike and for Sanctions dated September 19, 2005.

III.

MOTION TO STRIKE PLAINTIFF'S EXPERT

7. Defendants request that the Court:

   A. Strike Plaintiff's Supplemental Disclosure of Expert Witnesses dated October 3, 2006;

   B. Enter an order striking Plaintiff's claim for attorney's fees, since Plaintiff will have no evidence at trial to support such a claim;

   C. Sanction Plaintiff and her attorneys for their failure to obey the Court's Amended Scheduling Order by awarding Defendants the reasonable expenses and attorney's fees incurred in preparing and presenting this Motion, in the amount of $847.50, as evidenced by the Affidavit of Christen C. Paquin and attorney's fee statement, attached in Appendix at pages 10-15, and order that such amount be paid within 7 days of the Court's Order; and

   D. Dismiss Plaintiff's lawsuit.

IV.

REQUEST FOR RELIEF

Defendants respectfully request that the Court grant Defendants' Second Motion to Strike Plaintiff's Expert Witnesses as requested herein, and for such further relief to which Defendants may be entitled.

        Respectfully submitted,

        MATTHEWS, STEIN, SHIELS, PEARCE,
        KNOTT, EDEN & DAVIS, L.L.P.


        By:_____/s/ Christen C. Paquin___
            KENNETH R. STEIN
            STATE BAR NO. 19128300

            CHRISTEN C. PAQUIN
            STATE BAR NO. 24040640

        8131 LBJ Freeway, Suite 700
        Dallas, Texas  75251
        (972) 234-3400 Telephone
        (972) 234-1750 Telecopier

        ATTORNEYS FOR DEFENDANTS


CERTIFICATE OF CONFERENCE

Pursuant to Rule 7.1 of the Local Rules of the United States District Court of the Northern District of Texas, Defendants' counsel attempted in good faith to confer with Plaintiff's counsel regarding the substance of this Motion.  On October 17, 2006 Defendants' counsel Christen Paquin conferred with Denise Russell, counsel for Plaintiff, by telephone.  Plaintiff's counsel opposes this Motion, and so it is being presented to the Court.

        _____/s/ Christen C. Paquin___

        CHRISTEN C. PAQUIN

DEFENDANTS' SECOND MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
MOTION FOR SANCTIONS, AND BRIEF IN SUPPORT      PAGE 5
T:\223\2\2875\59142\Pleadings\Mtn to Strike3.wpd

CERTIFICATE OF SERVICE

This is to certify that on this the 17th day of October, 2006, I electronically filed the foregoing document with the U.S. District Court for the Northern District of Texas, using the court's electronic case filing system. The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept the Notice of Electronic Filing as service of this document by electronic means:

Mr. Lu Pham
Lynn Pham & Ross, LLP
University Centre II
1320 S. University Drive, Suite 720
Fort Worth, TX 76107


                                                _____/s/ Christen C. Paquin___
                                                Christen C. Paquin

DEFENDANTS' SECOND MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS
MOTION FOR SANCTIONS, AND BRIEF IN SUPPORT                                        PAGE 6
T:\223\2\2875\59142\Pleadings\Mtn to Strike3.wpd